FILED BY ___ D.C.
05 SEP 19 AM 10: 28
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JON MILSAP, et al.,

    Plaintiffs,

v.                        No. 04-2850 B

NORMAN MINETA, Secretary of
the Department of Transportation,

    Defendant.

---

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION,
DISMISSING AS TO PLAINTIFFS MCCOLLUM, LAGERSTROM AND MEMBERS
OF THE PROFESSIONAL AIR TRAFFIC CONTROLLERS ORGANIZATION,
INC., GRANTING THE OBJECTIONS OF THE DEFENDANTS AS TO
THE REMAINDER OF THE REPORT AND RECOMMENDATION,
AND DISMISSING CASE

---

On October 22, 2004, the Plaintiffs, Jon Milsap, et al., filed a complaint for preliminary injunctive relief pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and certain provisions of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., concerning hiring practices of the Federal Aviation Administration (the "FAA"). On December 14, 2004, they filed a motion for an expedited hearing on their complaint, which was referred to the magistrate judge for report and recommendation. In her report entered January 21, 2005, Magistrate Judge Diane Vescovo recommended that the motion be granted in part. Specifically, she first concluded that the Plaintiffs' failure to exhaust their administrative remedies did not deprive this Court of subject matter jurisdiction. Second, the magistrate judge found that venue in this district was nonetheless improper as to Plaintiffs David McCollum, Robert Lagerstrom and members of the Professional Air Traffic Controllers Organization, Inc. ("PATCO"). Therefore, it was recommended

that the motion for expedited hearing and for a preliminary injunction should be denied as to these Plaintiffs. A hearing was recommended as to the remaining Plaintiffs. Timely objections were filed by the Defendant, Norman Y. Mineta, in his official capacity as Secretary of the United States Department of Transportation, to which the Plaintiffs have responded.

As an initial matter, the Court notes that the objections are directed solely to the magistrate judge's recommendation with respect to Plaintiffs Morrow and Milsap. Since there is no objection to the remainder of the report, Magistrate Judge Vescovo's recommendation that venue is improper as to Plaintiffs McCollum, Lagerstrom and PATCO is hereby ADOPTED and these parties are hereby DISMISSED. As a consequence, the only remaining Plaintiffs in this action are Morrow and Milsap. Accordingly, all further references to the "Plaintiffs" herein shall apply only to these two individuals.

It is the position of the Defendant that the magistrate judge's determination on the exhaustion issue was in error. In this case, the Plaintiffs had a pending administrative proceeding at the time the civil action was filed. According to their pleadings, they intend to pursue their administrative claims after this preliminary injunction matter is concluded. The Defendant argues that the Plaintiffs' failure to exhaust their administrative remedies deprives this Court of subject matter jurisdiction.

"The ADEA is expressly applicable to federal government employees, who are treated separately from private employees under the statute." <u>Anderson v. Tennessee Valley Authority</u>, No. 92-5811, 1993 WL 113730, at *6 (6th Cir. Apr. 13, 1993).

> [T]he ADEA provides two alternative routes for pursuing a claim of age discrimination. An individual may invoke the [Equal Employment Opportunity Commission's ("EEOC's")] administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies. A federal employee complaining of age discrimination, however, does not have to seek relief

2

> from his employing agency or the EEOC at all. He can decide to present the merits of his claim to a federal court in the first instance.

Stevens v. Department of the Treas., 500 U.S. 1, 5-6, 111 S.Ct. 1562, 1566, 114 L.Ed.2d 1 (1991) (internal citations omitted). The relevant statute provides that

> [w]hen the individual has not filed a complaint concerning age discrimination with the [EEOC], no civil action may be commenced by any individual under this section until the individual has given the [EEOC] not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.

29 U.S.C. § 633a(d). Actions in federal court may be "for such legal or equitable relief as will effectuate the purposes of [the] Act." 29 U.S.C. § 633a(c).

In Langford v. United States Army Corps of Engineers, 839 F.2d 1192 (6th Cir. 1988), the case upon which the magistrate judge relied, the issue before the court was "whether [the plaintiffs] were required to exhaust administrative remedies, once they were initiated, as a prerequisite to filing [the] civil action in federal court pursuant to the ADEA." Langford, 839 F.2d at 1193. The court found that, as the ADEA did not place limits on the filing of a civil action when an employee has filed a complaint with the EEOC, the statute "may be construed to permit the filing of a civil action at any time when an employee or applicant has filed an age discrimination complaint with the EEOC." Id. at 1193-94. In doing so, the court cited with approval the Fifth Circuit's decision in Paterson v. Weinberger, 644 F.2d 521 (5th Cir. 1981), holding that

> [a]n employee who believes that he has been discriminated against because of his age has two avenues of relief. He may file an administrative complaint with the employing federal agency, and if the employing agency's determination is adverse to him he may appeal to the Civil Service Commission for administrative review. After the administrative complaint has been filed with the Commission, a civil action then may be instituted. Alternatively, the employee has the option under the Act to bypass the administrative process either in part or in its entirety and proceed directly to federal court thirty days after notice of intent to sue has been given to the

3

> Commission as long as such notice is given within one hundred and eighty days after the alleged unlawful practice occurred.

Id. at 1194 (internal citations, footnotes and quotation marks omitted) (citing Paterson, 644 F.2d at 523-24). The court also relied on the regulations promulgated by the EEOC which supported the Fifth Circuit's holding. Title 29 C.F.R. § 1613.513 provided that "the filing of a civil action by an employee or applicant does not terminate agency processing of a complaint or Commission processing of an appeal . . ." Id. Thus, "[t]he clear import of this regulation is that exhaustion of administrative remedies, even once they are initiated, is not required before filing a civil action in federal court."[1] Id. Magistrate Judge Vescovo opined that, based upon Langford, "the fact that

---

[1] Three years after Langford was decided, the issue was revisited in Ivey v. Rice, 759 F.Supp. 394 (S.D. Ohio 1991). In reviewing the options available to an individual under the ADEA, the court noted that the statutory and regulatory provisions

> have been the subject of diverse and conflicting interpretations. In regard to administrative relief, there is a split among the circuits as to whether, once a complainant chooses the administrative route, he must exhaust administrative remedies. Several circuits have held that once a plaintiff initiates administrative proceedings, he must exhaust those proceedings before filing a civil action. The Sixth Circuit in Langford reached a contrary result, holding that the plaintiff could file a civil action while the administrative proceedings were still pending. The Langford holding may now be subject to question, since under the current version of 29 C.F.R. § 1613.513, the filing of a civil action terminates the administrative proceedings, whereas when Langford was decided, the administrative proceedings continued even after the filing of a civil action. Further, the Fifth Circuit in White [v. Frank, 895 F.2d 243, 244 (5th Cir. 1990)], disagreed with the Sixth Circuit's interpretation of Paterson . . .

Ivey, 759 F.Supp. at 399 (internal citations omitted). The Sixth Circuit affirmed in an unpublished opinion. See Ivey v. Rice, No. 91-3487, 1992 WL 102498 (6th Cir. Apr. 29, 1992). In Stevens, the Supreme Court also recognized the split in the circuits, specifically mentioning Langford, but could not resolve the issue for procedural reasons. Stevens, 500 U.S. at 9, 111 S.Ct. at 1567-68. Thus, the issue remains unsettled.

4

plaintiffs had continuing administrative claims pending at the time in which this suit was filed does not deprive this court of subject matter jurisdiction." (Report and Recommendation on Pl.'s Mot. for an Expedited Hr'g on Pl.'s Compl. for a Prelim. Inj. at 5.)

The Defendant argues in his objections that there were two questions left unresolved by Langford which are relevant to the issue before the Court and which the magistrate judge did not address, to wit: (1) "if a claimant follows the administrative route, is his failure to meet any of the various administrative deadlines a jurisdictional bar to federal litigation of the claims" and (2) "can the claimant litigate his age discrimination claims in federal court if he neither exhausted the administrative route nor complied with the notice and limitations provisions of the direct route?" The first of these questions was addressed in Ivey, in which the plaintiff initiated administrative proceedings and then filed a lawsuit in federal court after failing to timely appeal the administrative decision. Ivey, 759 F.Supp. at 398-99. The district court concluded that, in pursuing either the administrative or the direct route, an ADEA plaintiff must comply with the applicable filing deadlines. Id. at 400-03. In doing so, the court observed that "if no sanction may be imposed for failure to comply with the administrative regulations, they would be rendered meaningless, thereby frustrating the goals of the administrative process." Id. at 400. The trial court's determination was affirmed by the Sixth Circuit. Ivey v. Rice, No. 91-3487, 1992 WL 102498, at *2-3 (6th Cir. Apr. 29, 1992).

The second question was addressed in Anderson, in which the plaintiff initially invoked the administrative route but failed to satisfy the timeliness requirements of the administrative process. Anderson, 1993 WL 113730, at *6. When he opted to bring suit in federal court, he failed to provide

5

the EEOC with a notice of intent to sue, which is required in order to satisfy the provisions of the direct route. Id. While the court acknowledged Langford's holding that a federal employee need not exhaust his administrative remedies prior to filing suit, it held that, where the employee first initiated an administrative proceeding and then filed suit, he must comply with the timeliness rules applicable to the litigation proceeding. Id. at *6-7. The notion that a plaintiff must exhaust his administrative claims or comply with the filing requirements of the direct route was upheld in this Circuit's most recent visitation to the issue in Burzynski v. Cohen, 264 F.3d 611 (6th Cir. 2001) (lower court's dismissal of plaintiff's claims was appropriate where he had initiated administrative proceedings but failed to comply with deadlines and also failed to follow requirements for direct route after filing suit). The Defendant submits that, as the Plaintiffs neither exhausted their administrative remedies or complied with the notice provisions for the direct route, they are not properly before this Court.

In response, the Plaintiffs maintain that they have not failed to exhaust their administrative remedies because equitable relief in the form of an injunction sought here is not available in the administrative process. Therefore, they aver, there is no exhaustion requirement. However, the Plaintiffs offer no support under either the caselaw or the statute for their position. The Plaintiffs further argue that, even if there is an exhaustion requirement, it has been satisfied. In support of their position, they refer the Court to 29 C.F.R. § 1614.201, which provides in pertinent part that

> (c) [w]hen an individual has filed an administrative complaint alleging age discrimination that is not a mixed case, administrative remedies will be considered to be exhausted for purposes of filing a civil action:
>
> \* \* \*
>
> (3) After the issuance of a final decision by the Commission on an appeal or 180 days after the filing of an appeal if the Commission has not issued a final decision.

6

29 C.F.R. § 1614.201(c)(3) (2005). It is the contention of the Plaintiffs that they filed their formal EEOC complaints in early 2001. Nearly three years later, on February 6, 2004, the Defendant raised the timeliness issue in a motion to dismiss filed with the EEOC administrative law judge (the "ALJ"). Upon dismissal of their complaint by the ALJ, Milsap and Morrow aver that they filed a joint appeal to the Commission's Office of Federal Operations on June 18, 2004, upon which, 180 days afterward, no final decision had been rendered. Thus, the argument goes, exhaustion occurred as of December 15, 2004, after which they could have elected to bring their substantive claims before this Court. They assert that the fact they did not, and are still waiting for a decision on their appeal, does not alter the conclusion that they possess the *right* to do so.[2] It appears to the Court that the Plaintiffs are trying to argue both that they have, in the abstract, "exhausted" their administrative remedies while at the same time insisting that they in fact are continuing to pursue those remedies and will indeed continue to do so after this preliminary injunction proceeding has concluded. They cannot have it both ways. Based on their own assertions, the Court must find that the Plaintiffs have not exhausted their administrative remedies.

What the Plaintiffs have not addressed, and what is fatal to their position in this Court's view, is their failure to satisfy the requirements for filing an action in federal court pursuant to the direct route, which they must do. Specifically, as did the plaintiff in <u>Anderson</u>, these Plaintiffs without

---

[2] The merits of the Plaintiffs' age discrimination complaints are not before this Court. Rather, as previously noted herein, the action in this forum is for a preliminary injunction to prevent the Defendant from making external employee selections for air traffic controller positions within the FAA until the merits of the Plaintiffs' complaints can be disposed of by the EEOC. As the Plaintiffs advised the Court in a footnote to their complaint, "plaintiffs seek this Court's intervention through application of the Court's inherent equitable and injunctive powers to insure that plaintiffs, and those similarly situated, do not suffer irreparable harm while they exhaust their administrative remedies." (Compl. for Prelim. Inj. Relief at 3 n.1.)

dispute failed to file a notice of intent to sue with the EEOC prior to initiating this action. See Anderson, 1993 WL 113730, at *6-8 (noting that "[o]n its face, [29 U.S.C. § 633a(d)] applies to only those individuals who have not pursued an administrative remedy"; "although a federal employee may file suit for age discrimination without having first exhausted his or her administrative remedies, if the federal employee does not do so, he or she must give the EEOC not less than thirty days notice of an intent to file such action"); Ivey, 759 F.Supp. at 402 ("The provisions of § 633a(d) apply only where no complaint is filed with the EEOC, thereby bypassing administrative remedies in whole or in part," "meaning that where the plaintiff only exhausts his administrative remedies in part by virtue of not completing the administrative process, the notice requirement is triggered"). Furthermore, the Court declines the Plaintiffs' invitation to nonetheless exert jurisdiction pursuant to its inherent powers, as it finds no basis therefor.

Based on a de novo review of the report and recommendation as well as the pleadings of the parties, it is the conclusion of the undersigned that the decision of the magistrate judge to the effect that this Court has subject matter jurisdiction over the claims of Plaintiffs Milsap and Morrow was in error. Accordingly, the Defendant's objections to the report and recommendation are GRANTED and this matter is hereby DISMISSED in its entirety for lack of subject matter jurisdiction. In addition, all pending motions in this case are DENIED as moot.

IT IS SO ORDERED this 16th day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in case 2:04-CV-02850 was distributed by fax, mail, or direct printing on September 20, 2005 to the parties listed.

---

William W. Siler
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Jeffery Atchley
NORWOOD HOWARD & ATCHLEY
1407 Union Ave.
Ste. 807
Memphis, TN 38104--362

Honorable J. Breen
US DISTRICT COURT